IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHEILA THOMPSON and DENNIS
THOMPSON,

    Plaintiffs,

v.

VINTAGE STOCK, INC.,

    Defendant.

Case No:4:23-cv-00042
Jury Trial Demanded

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Vintage Stock, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby removes the above-entitled action, which is currently pending in the 21st Judicial Circuit Court of St. Louis County, Missouri.  As grounds for removing this action, Defendant states:

**I.  Procedural Background**

1.  On or about December 4, 2022, Plaintiffs Sheila Thompson and Dennis Thompson (collectively, "Plaintiffs") filed a Class-Action Petition (the "Petition") initiating the action entitled *Sheila Thompson, et al. v. Vintage Stock, Inc.*, Case No. 22SL-CC05109, in the 21st Judicial Circuit Court of St. Louis County, Missouri, against Defendant. Pursuant to Local Rule 2.03, attached as **Exhibit A** is a true and correct copy of the state court file and docket sheet.

2.  The Petition alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and related Missouri state law by sending purportedly unsolicited text messages to Plaintiffs' cell phones.

3. Through the Petition, Plaintiffs seek to represent a class of persons who allegedly also received the same unsolicited text messages.

4. On December 7, 2022, Plaintiffs caused a Summons in Civil Case to be issued by the court clerk for the 21st Judicial Circuit Court, St. Louis County, Missouri directed to Defendant (the "Summons").

5. On December 13, 2022, Plaintiffs caused copies of the Summons and Petition to be served on Defendant's registered agent located in Joplin, Missouri.

## II. Timeliness of Removal

6. This removal is timely under 28 U.S.C. § 1446(b) in that it has been filed within thirty days after Defendant's receipt of service of the Summons and Petition, which was on December 13, 2022.

## III. Removal Jurisdiction

7. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. Federal district courts have original jurisdiction over TCPA claims, such as those asserted by Plaintiffs in the Petition. *See, e.g., Mims v. Arrow Financial Servs., LLC*, 132 S.Ct. 740, 753 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

9. Where federal question jurisdiction exists over any one of the claims in a removed action, the Court possesses federal jurisdiction over the entire action so long as the accompanying state law claims "form part of the same case or controversy[.]" *See* 28 U.S.C. § 1367(a) (providing that a district court with original jurisdiction over a claim "shall have supplemental jurisdiction

2

over all other claims . . . form[ing] part of the same case or controversy"); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165 (U.S. 1997) ("[O]nce the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute other claims that . . . form part of the same case or controversy.") (quotation omitted).

10. Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (quoting *City of Chicago*, 522 U.S. at 165). "A plaintiff's claims derive from a common nucleus of operative fact if the claims are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (quotation omitted).

11. All of Plaintiffs' claims against Defendant, including the alternative TCPA claims and the substantially similar Missouri No Call List violation claims, arise from the same set of facts—namely, Defendant's alleged unsolicited text messages to Plaintiffs—and would ordinarily be expected to be tried together. *See id.* Accordingly, this Court has jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367(a).

12. Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Eastern District of Missouri is the district in which the state court action was filed.

13. The United States District Court for the Eastern District of Missouri embraces the county in which the state court action was filed. Venue is therefore proper pursuant to 28 U.S.C. § 1441(a).

**IV.     Notice to State Court and Plaintiffs**

14.     Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, Defendant is promptly providing written notice of this removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the 21st Judicial Circuit Court of St. Louis County, Missouri.

**V.     Non-Waiver of Defenses**

15.     By this Notice of Removal, Defendant does not waive any defenses that may be available, including, without limitation, Plaintiffs' failure to state a claim or any other defense. *See McDowell v. Tankinetics, Inc.*, No. 11-3306-CV-S-RED, 2012 WL 828509, at *4 (W.D. Mo. Mar. 8, 2012), *aff'd,* 507 F. App'x 624 (8th Cir. 2013) ("[R]equiring a defendant to include all potential defenses in a notice of removal or considering defenses not included to be waived would appear to run counter to Rule 12."); *see also Nationwide Engineering & Control Systems, Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988) ("Upon removal, a defendant may assert any defense that would have been available to him in state court . . . .").

16.     By this Notice of Removal, Defendant does not admit any of the allegations in Plaintiffs' Petition.

**VI.     Procedural Requirements**

15.     A copy of the Original Filing Form is attached as **Exhibit B.**

16.     A copy of the Civil Cover Sheet is attached as **Exhibit C**.

17.     Pursuant to Local Rule 2.09, a Disclosure of Organizational Interests is filed contemporaneously herewith.

18.     The necessary filing fees have been paid simultaneously with this Notice of Removal.

4

19. Defendant has given the undersigned attorneys authority to sign and file this Notice of Removal.

20. If any questions arise regarding the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

**VII. Conclusion**

21. For all the foregoing reasons, removal is proper and this Court has original jurisdiction over this case.

**WHEREFORE**, Defendant respectfully requests that the above-entitled action be removed from the 21st Judicial Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, that this this Court exercise its subject matter jurisdiction over this action, that all further proceedings be held before this Court, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By */s/ Matthew D. Guletz*
    Matthew D. Guletz, #57410MO
    Elizabeth A. Casale, #70911MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    mguletz@thompsoncoburn.com
    ecasale@thompsoncoburn.com

    Tyler R. Andrews
    *pro hac vice* forthcoming
    GREENBERG TAURIG, LLP
    18565 Jamboree Road, Suite 500
    Irvine, CA 92612
    andrewst@gtlaw.com

    *Attorneys for Defendant Vintage Stock, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of January, 2023, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have served via electronic mail and U.S. mail, first class, postage prepaid, the Notice of Removal to the following:

Robert Schultz
rschultz@sl-lawyers.com
Ronald J. Eisenberg
reisenberg@sl-lawyers.com
SCHULTZ LAW GROUP LLC
640 Cepi Drive, Suite A
Chesterfield, MO 63005

*Attorney for Plaintiffs*

    */s/ Matthew D. Guletz*