# EXHIBIT A



**Your Missouri Courts**

Search for Cases by: Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          Logon

**22SL-CC05109 - SHEILA THOMPSON ET AL V VINTAGE STOCK INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

**Sort Date Entries:** ○ Descending  ○ Ascending      **Display Options:** All Entries

**01/04/2023**     **Summons Personally Served**
Document ID - 22-SMCC-9850; Served To - VINTAGE STOCK INC.; Server - ; Served Date - 13-DEC-22; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**12/07/2022**     **Summons Issued-Circuit**
Document ID: 22-SMCC-9850, for VINTAGE STOCK INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**12/04/2022**     **Filing Info Sheet eFiling**
         **Filed By:** RONALD JAY EISENBERG

**Pet Filed in Circuit Ct**
Class-Action Petition.
         **Filed By:** RONALD JAY EISENBERG
         **On Behalf Of:** SHEILA THOMPSON, DENNIS THOMPSON

**Judge Assigned**
DIV 1

**22SL-CC05109**

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SHEILA THOMPSON and DENNIS THOMPSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VINTAGE STOCK, INC., | ) ) |
| Defendant. | ) ) |
| <u>Serve registered agent</u>:<br>Seth Bayless<br>202 East 32nd Street<br>Joplin, Missouri 64804 | ) ) ) ) |

Serve registered agent:
Seth Bayless
202 East 32nd Street
Joplin, Missouri 64804

## **CLASS-ACTION PETITION**

Plaintiffs Sheila Thompson and Dennis Thompson bring these claims on behalf of themselves and everyone else similarly situated against Defendant Vintage Stock, Inc., and allege as follows:

1. Plaintiff Sheila Thompson is an induvial who resides in St. Louis County, Missouri.

2. Plaintiff Dennis Thompson, the husband of Sheila Thompson, is an induvial who resides in St. Louis County, Missouri.

3. Defendant Vintage Stock, Inc., is a Missouri corporation, in good standing with the Missouri Secretary of State, with stores located throughout the United States, and with stores in Chesterfield Mall in St. Louis County, in West County Center in St. Louis County, and in Mid-Rivers Mall in St. Charles County.

4. Defendant's registered agent is in Missouri.

5. Defendant's principal office is in Missouri.

6. Ms. Thompson has a cell phone for which she uses the cellular telephone number 314-681-2861, hereafter, "Plaintiffs' Cell Phone Number."

1

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

7.      The account for Plaintiffs' Cell Phone Number is in the name of Mr. Thompson.

8.      Plaintiffs use Plaintiffs' Cell Phone Number for family, household, and residential

purposes.

9.      For several years, Defendant has sent text messages to Plaintiffs' Cell Phone Number

advertising goods or products for sale at Defendant's stores.  Plaintiffs do not know the

exact number but there have been dozens of such text messages, including more than

one in a twelve-month period.

10.     Here are some of the text messages received on Plaintiffs' Cell Phone Number.







Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

11.     Plaintiffs never gave Defendant consent to send text messages advertising Defendant's goods or products nor did they ever give Defendant express written consent to send text messages to them advertising Defendant's goods or products nor did they ever give Defendant prior express invitation or permission nor sign any written agreement which states that Defendant can call or send text messages to Plaintiffs' Cell Phone Number.

12.     At all relevant times, Plaintiffs' Cell Phone Number was registered with the Federal Communication Commission's "Do Not Call Registry."

13.     At all relevant times, Plaintiffs' Cell Phone Number was registered with the Missouri "No-Call List," administered by the Missouri Attorney General.

14.     Defendant's text messages to Plaintiffs' Cell Phone Number were numerous, annoying, and buzzed the receiving cell phone, which intruded on Ms. Thompson's peace, privacy, and seclusion.

15.     On information and belief, Defendant regularly sent text message to thousands of people per month advertise Defendant's goods or products.

16.     On information and belief, Defendant regularly sent text message to thousands of people per month advertising Defendant's goods or products, without the consent required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its related regulations, and without the consent required by the Missouri No-Call List statutes and regulations.

17.     Defendant's transmissions of text messages to Plaintiffs' Cell Phone Number and the Class caused concrete and personalized injury, including unwanted use of Ms. Thompson's and the class's cell phones, caused the cell phones to make noise and vibrate, annoying the recipients, interfered with the recipients' exclusive use of their

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

property, cost them time, occupied their cell phones for the period of time required for the electronic transmission of the messages, and interfered with their business or personal communications and privacy interests.

18. Many of Defendant's illegal text messages were received by Ms. Thompson in St. Louis County.

19. Personal jurisdiction over Defendant in Missouri is proper because Defendant is incorporated in Missouri, the court has general personal jurisdiction over Defendant, and Defendant committed tortious conduct in or directed into Missouri.

20. Venue is proper in the St. Louis County Circuit Court under § 508.010.2 R.S.Mo., because Ms. Thompson reside in St. Louis County and many of Defendant's illegal text messages were received in St. Louis County, State of Missouri.

## COUNT I
## (FEDERAL DO NOT CALL LIST VIOLATIONS)

21. Plaintiffs incorporate by reference the allegations of Paragraph 1-20.

22. Text messages are considered telephone calls according to the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016); 30 FCC Rcd. 7961, 7964 n.3, 7978-7979, 8016-8022 (2015); 18 FCC Rcd. 14014 (2003).

23. Defendant's numerous text messages to Plaintiffs' Cell Phone Number violated the Federal Do Not Call List statute and regulations.

24. Defendant's numerous text messages to Plaintiffs' Cell Phone Number were done willfully or knowingly.

25. The proposed Class in Count I is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

telephone number and (b) had not consented to receive such text messages as required by law.

26.    Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

27.    Plaintiffs and the Class are entitled to damages of at least $500 per text message sent by Defendant and up to $1,500 per text message if the Court finds that Defendant willfully or knowingly violated the TCPA and the Federal Do Not Call List.

28.    Upon information and belief, there are so many members of the Class, and the Class is so geographically diverse, that joinder of all members is impracticable.

29.    Plaintiffs' claims are typical of the class they seek to represent.

30.    Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

31.    Questions of law and fact common to the Class include:

a.    Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

b.    Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's goods or products;

d.    Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

e.    Whether Plaintiffs' and the Class are entitled to statutory damages; and

f.    Whether the Court should award enhanced damages for Defendant's knowing or willful violations of the TCPA and Federal Do Not Call List.

32.    Plaintiffs will fairly and adequately represent the proposed Class.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

33.     Plaintiffs have retained counsel experienced in the prosecution of class actions, including TCPA class actions.

34.     Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

35.     Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

36.     The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

37.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

38.     Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor in Count I and against Defendant as follows:

a.      certify this action as a class action and appoint Plaintiffs as Class representatives;
b.      appoint the undersigned counsel as Class counsel;
c.      award damages of $1500 per text message or at least $500 per text message;
d.      award enhanced damages up to $1,500 per text message;
e.      enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;
f.      award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;
g.      award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;
h.      award Plaintiffs prejudgment interest and costs; and
i.      grant Plaintiffs all other relief deemed just and proper.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

**COUNT II**
**(TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS)**

39.    Plaintiffs restate and incorporate by reference the allegations of Paragraph 1-38.

40.    On information and belief, Defendant failed to institute procedures for maintaining a list of persons who request not to be called.

41.    Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list.

42.    Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list.

43.    Defendant failed to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

44.    Defendant's wrongs alleged in this Count were done willfully or knowingly.

45.    The proposed Class in Count II is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular telephone number and (b) had not consented to receive such text messages as required by law.

46.    Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

47.    Plaintiffs and the proposed class are entitled to damages of at least $500 per violation per text message sent by Defendant and up to $1,500 per violation per text message if the Court finds that Defendant willfully or knowingly violated the TCPA.

7

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

48. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

49. Plaintiffs' claims are typical of the class they seek to represent.

50. Plaintiffs' claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

51. Questions of law and fact common to the Class include:

a.    Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by law;

b.    Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's products or services;

c.    Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

d.    Whether Defendant failed to institute procedures for maintaining a list of persons who request not to be called;

e.    Whether Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list;

f.    Whether Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list;

g.    Whether Defendant failed and fails to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

h.    Whether Plaintiffs and the Class are entitled to statutory damages; and

i.    Whether the Court should award enhanced damages for Defendant's knowing and willful violations of the TCPA and the Federal Do Not Call List.

52. Plaintiffs will fairly and adequately represent the proposed Class.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

53.     Plaintiffs have retained counsel experienced in the prosecution of class actions, including TCPA class actions.

54.     Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

55.     Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

56.     The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

57.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

58.     Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demands judgment in their favor in Count II and against Defendant as follows:

a.     certify this action as a class action and appoint Ms. Thompson as Class representatives;

b.     appoint the undersigned counsel as Class counsel;

c.     award damages of $1500 per violation per text message or at least $500 per violation per text message;

d.     award enhanced damages up to $1,500 per violation per text message;

e.     enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;

f.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.     award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;

h.     award Plaintiffs prejudgment interest and costs; and

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

    i.     grant Plaintiffs all other relief deemed just and proper.

## COUNT III
### (MISSOURI NO CALL LIST VIOLATIONS)

59. Plaintiffs restate and incorporate by reference the allegations of Paragraph 1-57.

60. Defendant has repeatedly text-messaged Plaintiffs' Cell Phone Number with a "Telephone solicitation" as defined by § 407.1095.3 R.S.Mo., encouraging the purchase of property or goods.

61. The proposed Class in Count III is all persons within the United States who, within the two years prior to the filing of this Class-Action Petition, received more than one telephone solicitation within any twelve-month period by or on behalf of Defendant, in violation of § R.S.Mo.407.1098.

62. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

63. Plaintiffs and the Class are entitled to statutory damages of $5,000 per text message sent by or on behalf of Defendant.

64. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

65. Plaintiffs' claims are typical of the class they seek to represent.

66. Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

67. Questions of law and fact common to the Class include:

    a.     Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

      b.      Whether the text messages sent by Defendant constitute telephone solicitations;

      c.      Whether Defendant sent text messages to persons on the Missouri Do-Not-Call List;

      d.      Whether Plaintiffs and the Class are entitled to statutory damages; and

      e.      Whether the Court should award enhanced damages for Defendant's knowing violations of Missouri law.

68.    Plaintiffs will fairly and adequately represent the proposed Class.

69.    Plaintiffs have retained counsel experienced in the prosecution of class actions, including text-message class actions.

70.    Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

71.    Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

72.    The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

73.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

74.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in Count III in their favor and against Defendant as follows:

      a.      certify this action as a class action and appoint Plaintiffs as Class representatives;

      b.      appoint the undersigned counsel as Class counsel;

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

c.     award damages of $5000 per text message;

d.     enjoin Defendant and its contractors, agents, and employees from continuing to send Missouri No Call List violating text messages;

e.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

f.     award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;

g.     award Plaintiffs prejudgment interest and costs; and

h.     grant Plaintiffs all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demand that Defendant take affirmative steps to preserve all text message logs, spreadsheets, invoices, records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages alleged herein.

SCHULTZ LAW GROUP LLC

By _____
Robert Schultz, #35329
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
(636) 537-4645
(636) 537-2599 FAX
rschultz@sl-lawyers.com
reisenberg@sl-lawyers.com

*Attorneys for Plaintiffs*
*Sheila Thompson and Dennis Thompson*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number:  22SL-CC05109 |
|---|---|
| Plaintiff/Petitioner:<br>SHEILA THOMPSON ET AL | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| | **vs.** | |
| Defendant/Respondent:<br> VINTAGE STOCK INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  VINTAGE STOCK INC.**
**Alias:**
**SETH BAYLESS, REGISTERED AGT**
**202 EAST 32ND STREET**
**JOPLIN, MO  64804**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>07-DEC-2022</u>
**Date**
_____  _____
**Clerk**

**Further Information:**
**AD**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____   _____
         Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

My commission expires: _____   _____
*(Seal)*                                                            Date                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 22SL-CC05109 |
|---|---|
| Plaintiff/Petitioner:<br>SHEILA THOMPSON ET AL | Plaintiff's/Petitioner's Attorney/Address<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 |
| vs. | |
| Defendant/Respondent:<br>VINTAGE STOCK INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Injunction | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |



RECEIVED
DEC - 9 2022
NEWTON COUNTY SHERIFF
NEOSHO, MO

## Summons in Civil Case

**The State of Missouri to:** VINTAGE STOCK INC.
**Alias:**
SETH BAYLESS, REGISTERED AGT
202 EAST 32ND STREET
JOPLIN, MO 64804

FILED
JAN 04 2023
JOAN M GIL...
CIRCUIT CLERK...



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
**SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>07-DEC-2022</u>
**Date**

**Further Information:**
**AD**

_____
Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

[X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

[ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person at least 18 years of age residing therein.

[ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

[ ] other
Served at _202 E 32nd St Joplin_ (address)
in _Newton_ (County/City of St. Louis), MO, on _12-13-22_ (date) at _11:15_ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
_Deputy Bill Hager N17_

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

3135



| **Sheriff's Fees, if applicable** | | |
|---|---|---|
| Summons | $ 20⁰⁰ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ 20⁰⁰ | (_____ miles @ $._____ per mile) |
| **Total** | $ 50⁰⁰ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.