**22SL-CC05109**

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SHEILA THOMPSON and DENNIS THOMPSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| VINTAGE STOCK, INC., | ) ) |
| Defendant. | ) ) |
| <u>Serve registered agent</u>:<br>Seth Bayless<br>202 East 32nd Street<br>Joplin, Missouri 64804 | ) ) ) ) |

**CLASS-ACTION PETITION**

Plaintiffs Sheila Thompson and Dennis Thompson bring these claims on behalf of themselves and everyone else similarly situated against Defendant Vintage Stock, Inc., and allege as follows:

1.  Plaintiff Sheila Thompson is an induvial who resides in St. Louis County, Missouri.

2.  Plaintiff Dennis Thompson, the husband of Sheila Thompson, is an induvial who resides in St. Louis County, Missouri.

3.  Defendant Vintage Stock, Inc., is a Missouri corporation, in good standing with the Missouri Secretary of State, with stores located throughout the United States, and with stores in Chesterfield Mall in St. Louis County, in West County Center in St. Louis County, and in Mid-Rivers Mall in St. Charles County.

4.  Defendant's registered agent is in Missouri.

5.  Defendant's principal office is in Missouri.

6.  Ms. Thompson has a cell phone for which she uses the cellular telephone number 314-681-2861, hereafter, "Plaintiffs' Cell Phone Number."

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

7.      The account for Plaintiffs' Cell Phone Number is in the name of Mr. Thompson.

8.      Plaintiffs use Plaintiffs' Cell Phone Number for family, household, and residential purposes.

9.      For several years, Defendant has sent text messages to Plaintiffs' Cell Phone Number advertising goods or products for sale at Defendant's stores.  Plaintiffs do not know the exact number but there have been dozens of such text messages, including more than one in a twelve-month period.

10.     Here are some of the text messages received on Plaintiffs' Cell Phone Number.







Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

11. Plaintiffs never gave Defendant consent to send text messages advertising Defendant's goods or products nor did they ever give Defendant express written consent to send text messages to them advertising Defendant's goods or products nor did they ever give Defendant prior express invitation or permission nor sign any written agreement which states that Defendant can call or send text messages to Plaintiffs' Cell Phone Number.

12. At all relevant times, Plaintiffs' Cell Phone Number was registered with the Federal Communication Commission's "Do Not Call Registry."

13. At all relevant times, Plaintiffs' Cell Phone Number was registered with the Missouri "No-Call List," administered by the Missouri Attorney General.

14. Defendant's text messages to Plaintiffs' Cell Phone Number were numerous, annoying, and buzzed the receiving cell phone, which intruded on Ms. Thompson's peace, privacy, and seclusion.

15. On information and belief, Defendant regularly sent text message to thousands of people per month advertise Defendant's goods or products.

16. On information and belief, Defendant regularly sent text message to thousands of people per month advertising Defendant's goods or products, without the consent required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its related regulations, and without the consent required by the Missouri No-Call List statutes and regulations.

17. Defendant's transmissions of text messages to Plaintiffs' Cell Phone Number and the Class caused concrete and personalized injury, including unwanted use of Ms. Thompson's and the class's cell phones, caused the cell phones to make noise and vibrate, annoying the recipients, interfered with the recipients' exclusive use of their

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

property, cost them time, occupied their cell phones for the period of time required for the electronic transmission of the messages, and interfered with their business or personal communications and privacy interests.

18. Many of Defendant's illegal text messages were received by Ms. Thompson in St. Louis County.

19. Personal jurisdiction over Defendant in Missouri is proper because Defendant is incorporated in Missouri, the court has general personal jurisdiction over Defendant, and Defendant committed tortious conduct in or directed into Missouri.

20. Venue is proper in the St. Louis County Circuit Court under § 508.010.2 R.S.Mo., because Ms. Thompson reside in St. Louis County and many of Defendant's illegal text messages were received in St. Louis County, State of Missouri.

**COUNT I**
**(FEDERAL DO NOT CALL LIST VIOLATIONS)**

21. Plaintiffs incorporate by reference the allegations of Paragraph 1-20.

22. Text messages are considered telephone calls according to the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016); 30 FCC Rcd. 7961, 7964 n.3, 7978-7979, 8016-8022 (2015); 18 FCC Rcd. 14014 (2003).

23. Defendant's numerous text messages to Plaintiffs' Cell Phone Number violated the Federal Do Not Call List statute and regulations.

24. Defendant's numerous text messages to Plaintiffs' Cell Phone Number were done willfully or knowingly.

25. The proposed Class in Count I is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

telephone number and (b) had not consented to receive such text messages as required by law.

26.    Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

27.    Plaintiffs and the Class are entitled to damages of at least $500 per text message sent by Defendant and up to $1,500 per text message if the Court finds that Defendant willfully or knowingly violated the TCPA and the Federal Do Not Call List.

28.    Upon information and belief, there are so many members of the Class, and the Class is so geographically diverse, that joinder of all members is impracticable.

29.    Plaintiffs' claims are typical of the class they seek to represent.

30.    Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

31.    Questions of law and fact common to the Class include:

a.    Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

b.    Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's goods or products;

d.    Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

e.    Whether Plaintiffs' and the Class are entitled to statutory damages; and

f.    Whether the Court should award enhanced damages for Defendant's knowing or willful violations of the TCPA and Federal Do Not Call List.

32.    Plaintiffs will fairly and adequately represent the proposed Class.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

33.    Plaintiffs have retained counsel experienced in the prosecution of class actions, including TCPA class actions.

34.    Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

35.    Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

36.    The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

37.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

38.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor in Count I and against Defendant as follows:

a.    certify this action as a class action and appoint Plaintiffs as Class representatives;

b.    appoint the undersigned counsel as Class counsel;

c.    award damages of $1500 per text message or at least $500 per text message;

d.    award enhanced damages up to $1,500 per text message;

e.    enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;

f.    award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.    award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;

h.    award Plaintiffs prejudgment interest and costs; and

i.    grant Plaintiffs all other relief deemed just and proper.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

## COUNT II
## (TELEPHONE CONSUMER PROTECTION ACT VIOLATIONS)

39.     Plaintiffs restate and incorporate by reference the allegations of Paragraph 1-38.

40.     On information and belief, Defendant failed to institute procedures for maintaining a list of persons who request not to be called.

41.     Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list.

42.     Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list.

43.     Defendant failed to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

44.     Defendant's wrongs alleged in this Count were done willfully or knowingly.

45.     The proposed Class in Count II is all persons within the United States who, within the four years prior to the filing of this Class-Action Petition, (a) received advertising text messages sent by Defendant or anyone on Defendant's behalf to said person's cellular telephone number and (b) had not consented to receive such text messages as required by law.

46.     Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

47.     Plaintiffs and the proposed class are entitled to damages of at least $500 per violation per text message sent by Defendant and up to $1,500 per violation per text message if the Court finds that Defendant willfully or knowingly violated the TCPA.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

48.     Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

49.     Plaintiffs' claims are typical of the class they seek to represent.

50.     Plaintiffs' claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

51.     Questions of law and fact common to the Class include:

a.     Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required by law;

b.     Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's products or services;

c.     Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

d.     Whether Defendant failed to institute procedures for maintaining a list of persons who request not to be called;

e.     Whether Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list;

f.     Whether Defendant failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list;

g.     Whether Defendant failed and fails to access the Federal Do Not Call register and database, has no procedure for doing so, and does not access the Federal Do Not Call database every 30 days or every three months as required by the regulations of the Federal Communications Commission.

h.     Whether Plaintiffs and the Class are entitled to statutory damages; and

i.     Whether the Court should award enhanced damages for Defendant's knowing and willful violations of the TCPA and the Federal Do Not Call List.

52.     Plaintiffs will fairly and adequately represent the proposed Class.

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

53.     Plaintiffs have retained counsel experienced in the prosecution of class actions, including TCPA class actions.

54.     Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

55.     Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

56.     The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

57.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

58.     Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demands judgment in their favor in Count II and against Defendant as follows:

a.     certify this action as a class action and appoint Ms. Thompson as Class representatives;

b.     appoint the undersigned counsel as Class counsel;

c.     award damages of $1500 per violation per text message or at least $500 per violation per text message;

d.     award enhanced damages up to $1,500 per violation per text message;

e.     enjoin Defendant and its contractors, agents, and employees from continuing to send TCPA-violating or Do Not Call List violating text messages;

f.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

g.     award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;

h.     award Plaintiffs prejudgment interest and costs; and

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

  i.  grant Plaintiffs all other relief deemed just and proper.

## COUNT III
### (MISSOURI NO CALL LIST VIOLATIONS)

59. Plaintiffs restate and incorporate by reference the allegations of Paragraph 1-57.

60. Defendant has repeatedly text-messaged Plaintiffs' Cell Phone Number with a "Telephone solicitation" as defined by § 407.1095.3 R.S.Mo., encouraging the purchase of property or goods.

61. The proposed Class in Count III is all persons within the United States who, within the two years prior to the filing of this Class-Action Petition, received more than one telephone solicitation within any twelve-month period by or on behalf of Defendant, in violation of § R.S.Mo.407.1098.

62. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

63. Plaintiffs and the Class are entitled to statutory damages of $5,000 per text message sent by or on behalf of Defendant.

64. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

65. Plaintiffs' claims are typical of the class they seek to represent.

66. Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

67. Questions of law and fact common to the Class include:

  a.  Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

b.      Whether the text messages sent by Defendant constitute telephone solicitations;

c.      Whether Defendant sent text messages to persons on the Missouri Do-Not-Call List;

d.      Whether Plaintiffs and the Class are entitled to statutory damages; and

e.      Whether the Court should award enhanced damages for Defendant's knowing violations of Missouri law.

68.    Plaintiffs will fairly and adequately represent the proposed Class.

69.    Plaintiffs have retained counsel experienced in the prosecution of class actions, including text-message class actions.

70.    Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

71.    Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

72.    The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

73.    A class action is superior to other methods for the fair and efficient adjudication of this controversy.

74.    Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in Count III in their favor and against Defendant as follows:

a.      certify this action as a class action and appoint Plaintiffs as Class representatives;
b.      appoint the undersigned counsel as Class counsel;

11

Electronically Filed - St Louis County - December 04, 2022 - 05:06 PM

c.      award damages of $5000 per text message;

d.      enjoin Defendant and its contractors, agents, and employees from continuing to send Missouri No Call List violating text messages;

e.      award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

f.      award Plaintiffs incentive awards for their efforts expended on behalf of the Class and other relevant factors;

g.      award Plaintiffs prejudgment interest and costs; and

h.      grant Plaintiffs all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demand that Defendant take affirmative steps to preserve all text message logs, spreadsheets, invoices, records, lists, electronic databases, or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the text messages alleged herein.

SCHULTZ LAW GROUP LLC

By_____
Robert Schultz, #35329
Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
(636) 537-4645
(636) 537-2599 FAX
rschultz@sl-lawyers.com
reisenberg@sl-lawyers.com

*Attorneys for Plaintiffs*
*Sheila Thompson and Dennis Thompson*