UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHEILA THOMPSON and DENNIS THOMPSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:23-cv-00042-SRC |
| VINTAGE STOCK, INC., | ) ) | |
| Defendant. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Vintage Stock, Inc. ("Defendant") for its Answer to the First Amended Complaint, hereby responds as follows:

1. Plaintiff Sheila Thompson is an induvial who resides in St. Louis County, Missouri.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Amended Complaint and therefore denies them.

2. Plaintiff Dennis Thompson, the husband of Sheila Thompson, is an induvial who resides in St. Louis County, Missouri.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint and therefore denies them.

3. Defendant Vintage Stock, Inc., is a Missouri corporation, in good standing with the Missouri Secretary of State, with stores located throughout the United States, and with

stores in Chesterfield Mall in St. Louis County, in West County Center in St. Louis County, and in Mid-Rivers Mall in St. Charles County.

**ANSWER**: Defendant admits the allegations in Paragraph 3 of the First Amended Complaint.

4.   Defendant's registered agent is in Missouri.

**ANSWER**: Defendant admits the allegations in Paragraph 4 of the First Amended Complaint.

5.   Defendant's principal office is in Missouri.

**ANSWER**: Defendant admits the allegations in Paragraph 5 of the First Amended Complaint.

6.   Ms. Thompson has a cell phone for which she uses the cellular telephone number 314-681-2861, hereafter, "Plaintiffs' Cell Phone Number."

**ANSWER**: Defendant admits the allegations in Paragraph 6 of the First Amended Complaint.

7.   The account for Plaintiffs' Cell Phone Number is in the name of Mr. Thompson.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the First Amended Complaint and therefore denies them.

8.   Plaintiffs use Plaintiffs' Cell Phone Number for family, household, and residential purposes.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint and therefore denies them.

9. For several years, Defendant has sent text messages to Plaintiffs' Cell Phone Number advertising goods or products for sale at Defendant's stores. Plaintiffs do not know the exact number but there have been dozens of such text messages, including more than one in a twelve-month period.

**ANSWER**: Defendant admits that some messages were sent to Plaintiffs' phone in or about July 2021, October 2022, and November 2022.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the First Amended Complaint and therefore denies them.

10. Attached to this First Amended Complaint are images of some of the texts that were sent to Plaintiff.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint and therefore denies them.

11. Plaintiffs never gave Defendant consent to send text messages advertising Defendant's goods or products nor did they ever give Defendant express written consent to send text messages to them advertising Defendant's goods or products nor did they ever give Defendant prior express invitation or permission nor sign any written agreement which states that Defendant can call or send text messages to Plaintiffs' Cell Phone Number.

**ANSWER**: Defendant denies the allegations in Paragraph 11 of the First Amended Complaint.

12. At all relevant times, Plaintiffs' Cell Phone Number was registered with the Federal Communication Commission's "Do Not Call Registry."

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the First Amended Complaint and therefore denies them.

13. At all relevant times, Plaintiffs' Cell Phone Number was registered with the Missouri "No-Call List," administered by the Missouri Attorney General.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint and therefore denies them.

14. Defendant's text messages to Plaintiffs' Cell Phone Number were numerous, annoying, and buzzed the receiving cell phone, which intruded on Ms. Thompson's peace, privacy, and seclusion.

**ANSWER**: Defendant denies the allegations in Paragraph 14 of the First Amended Complaint.

15. On information and belief, Defendant regularly sent text message to thousands of people per month to advertise Defendant's goods or products.

**ANSWER**: Defendant denies the allegations in Paragraph 15 of the First Amended Complaint.

16. On information and belief, Defendant regularly sent text message to thousands of people per month advertising Defendant's goods or products, without the consent required by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and its related regulations, and without the consent required by the Missouri No-Call List statutes and regulations.

**ANSWER**: Defendant denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendant's transmissions of text messages to Plaintiffs' Cell Phone Number and the Class caused concrete and personalized injury, including unwanted use of Ms. Thompson's and the class's cell phones, caused the cell phones to make noise and vibrate, annoying the recipients, interfered with the recipients' exclusive use of their property, cost them time, occupied their cell phones for the period of time required for the electronic transmission of the messages, and interfered with their business or personal communications and privacy interests.

**ANSWER**: Defendant denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Many of Defendant's illegal text messages were received by Ms. Thompson in St. Louis County.

**ANSWER**: Defendant denies the allegations in Paragraph 18 of the First Amended Complaint.

19. Personal jurisdiction over Defendant in Missouri is proper because Defendant is incorporated in Missouri, the court has general personal jurisdiction over Defendant, and Defendant committed tortious conduct in or directed into Missouri.

**ANSWER**: Defendant admits that its offices are in Missouri and that it is subject to personal jurisdiction in Missouri.  Defendant denies the remaining allegations in Paragraph 19 of the First Amended Complaint.

20. Venue is proper in the St. Louis County Circuit Court under § 508.010.2 R.S.Mo., because Ms. Thompson reside in St. Louis County and many of Defendant's illegal text messages were received in St. Louis County, State of Missouri.

**ANSWER**: Defendant denies the allegations in Paragraph 20 of the First Amended Complaint.  Defendant affirmatively alleges that venue is proper in the District Court for the Eastern District of Missouri.

## COUNT I
## (FEDERAL DO NOT CALL LIST VIOLATIONS)

21. Plaintiffs incorporate by reference the allegations of Paragraph 1-20.

**ANSWER**: Defendant incorporates its responses to the allegations in Paragraphs 1-20 of the First Amended Complaint as if fully set forth herein.

22. Text messages are considered telephone calls according to the TCPA. Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016); 30 FCC Rcd. 7961, 7964 n.3, 7978-7979, 8016-8022 (2015); 18 FCC Rcd. 14014 (2003).

**ANSWER**: Defendant admits the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendant's numerous text messages to Plaintiffs' Cell Phone Number violated the Federal Do Not Call List statute and regulations.

**ANSWER**: Defendant denies the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendant's numerous text messages to Plaintiffs' Cell Phone Number were done willfully or knowingly.

**ANSWER**: Defendant denies the allegations in Paragraph 24 of the First Amended Complaint.

25. Pleading in the alternative, the proposed class:

A. All persons, who have registered their telephone number on the Federal Do-Not-Call List, who were sent by Defendant or on Defendant's behalf, on or after December 18, 2018, text messages advertising Defendant's business, goods, or wares; or

B. All persons, who have an American telephone number, who have registered their telephone number on the Federal Do-Not-Call List, who were sent by Defendant or on Defendant's behalf, on or after December 18, 2018, text messages advertising Defendant's business, goods, or wares; or

C. All persons, who have an American telephone number, who have registered their telephone number on the Federal Do-Not-Call List, who did not sign a statement that Defendant could telephone them, who were sent by Defendant or on Defendant's behalf, on or after December 18, 2018, text messages advertising Defendant's business, goods, or wares; or

D. All persons, who have an American telephone number, who have registered their telephone number on the Federal Do-Not-Call List, who did not sign a statement that Defendant could telephone them, and who have not purchased any goods from Defendant more than 18 months before the text message from Defendant, who were sent by Defendant or on Defendant's behalf, on or after December 18, 2018, text messages advertising Defendant's business, goods, or wares; or

E. All persons, who have an American telephone number, who have registered their telephone number on the Federal Do-Not-Call List, who did not sign a statement that Defendant could telephone them, and who have not purchased any goods from Defendant more than 18 months before the text message from Defendant, and who have not inquired or applied of Defendant about any of Defendant's goods within three months of the text message, who were sent by Defendant or on Defendant's behalf, on or after December 4, 2018, text messages advertising Defendant's business, goods, or wares.

**ANSWER**: [Paragraph 25(C), (D), and (E) Stricken]. Defendant denies the remaining allegations in Paragraph 25 of the First Amended Complaint.

26. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

**ANSWER**: Defendant denies the allegations in Paragraph 26 of the First Amended Complaint.

27. Plaintiffs and the Class are entitled to damages of at least $500 per text message sent by Defendant and up to $1,500 per text message if the Court finds that Defendant willfully or knowingly violated the TCPA and the Federal Do Not Call List.

**ANSWER**: Defendant denies the allegations in Paragraph 27 of the First Amended Complaint.

28. Upon information and belief, there are so many members of the Class, and the Class is so geographically diverse, that joinder of all members is impracticable.

**ANSWER**: Defendant denies the allegations in Paragraph 28 of the First Amended Complaint.

29. Plaintiffs' claims are typical of the class they seek to represent.

**ANSWER**: Defendant denies the allegations in Paragraph 29 of the First Amended Complaint.

30. Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

**ANSWER**: Defendant denies the allegations in Paragraph 30 of the First Amended Complaint.

31. Questions of law and fact common to the Class include:

a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

b. Whether the text messages sent by Defendant contain material encouraging the purchase Defendant's goods or products;

d. Whether Defendant sent text messages to persons on the Federal Do-Not-Call List;

e. Whether Plaintiffs' and the Class are entitled to statutory damages; and

f. Whether the Court should award enhanced damages for Defendant's knowing or willful violations of the TCPA and Federal Do Not Call List.

**ANSWER**: Defendant denies the allegations in Paragraph 31 of the First Amended Complaint.

32. Plaintiffs will fairly and adequately represent the proposed Class.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the First Amended Complaint and therefore denies them.

33. Plaintiffs have retained counsel experienced in the prosecution of class actions, including TCPA class actions.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the First Amended Complaint and therefore denies them.

34. Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the First Amended Complaint and therefore denies them.

35. Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the First Amended Complaint and therefore denies them.

36. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

**ANSWER**: Defendant denies the allegations in Paragraph 36 of the First Amended Complaint.

37. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

**ANSWER**: Defendant denies the allegations in Paragraph 37 of the First Amended Complaint.

38. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

**ANSWER**: Defendant denies the allegations in Paragraph 38 of the First Amended Complaint.

**[COUNT II (Paragraphs 39-59) Dismissed]**

Count II has been dismissed and therefore no answer is required.  To the extent a response is required, Defendant denies the allegations in Paragraphs 39-59 of the First Amended Complaint.

**COUNT III**
**(MISSOURI NO CALL LIST VIOLATIONS)**

60. Plaintiffs restate and incorporate by reference the allegations of Paragraph 1-59.

**ANSWER**: Defendant incorporates its responses to the allegations in Paragraphs 1-38 of the First Amended Complaint as if fully set forth herein.

61. The proposed class is every Missouri resident who, listed the telephone number texted on the Missouri No_Call list, who on or after December 4, 2020, received more than one text message advertising Defendant's business, goods, or wares, within any 12 month period.

**ANSWER**: Defendant denies the allegations in Paragraph 61 of the First Amended Complaint.

62. The proposed Class in Count III is all persons within the United States who listed the telephone number which was texted, who within the two years prior to the filing of this Class-Action Petition, received more than one telephone solicitation within any twelve-month period by or on behalf of Defendant, in violation of § R.S.Mo.407.1098

**ANSWER**: [Paragraph 62 Stricken]. To the extent a response is required, Defendant denies the allegations in Paragraph 62 of the First Amended Complaint.

63. Excluded from the class are Defendant, Defendant's directors, officers, employees and agents, and the judge presiding over this case and the judge's staff.

**ANSWER**: Defendant denies the allegations in Paragraph 63 of the First Amended Complaint.

64. Plaintiffs and the Class are entitled to statutory damages of $5,000 per text message sent by or on behalf of Defendant.

**ANSWER**: Defendant denies the allegations in Paragraph 64 of the First Amended Complaint.

65. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

**ANSWER**: Defendant denies the allegations in Paragraph 65 of the First Amended Complaint.

66. Plaintiffs' claims are typical of the class they seek to represent.

**ANSWER**: Defendant denies the allegations in Paragraph 66 of the First Amended Complaint.

67. Plaintiffs' claims and the claims of the Class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiffs and members of the Class.

**ANSWER**: Defendant denies the allegations in Paragraph 67 of the First Amended Complaint.

68. Questions of law and fact common to the Class include:

a. Whether Defendant sent text messages to members of the Class without obtaining their prior express written consent, including a signed agreement with the disclosures required law;

b. Whether the text messages sent by Defendant constitute telephone solicitations;

c. Whether Defendant sent text messages to persons on the Missouri Do-Not-Call List;

d. Whether Plaintiffs and the Class are entitled to statutory damages; and

e. Whether the Court should award enhanced damages for Defendant's knowing violations of Missouri law.

**ANSWER**: Defendant denies the allegations in Paragraph 68 of the First Amended Complaint.

69. Plaintiffs will fairly and adequately represent the proposed Class.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the First Amended Complaint and therefore denies them.

70. Plaintiffs have retained counsel experienced in the prosecution of class actions, including text-message class actions.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the First Amended Complaint and therefore denies them.

71. Plaintiffs are committed to vigorously prosecuting the claims presented in this complaint.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the First Amended Complaint and therefore denies them.

72. Neither Plaintiffs nor their counsel have any interests adverse or in conflict with the absent class members.

**ANSWER**: Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the First Amended Complaint and therefore denies them.

73. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

**ANSWER**: Defendant denies the allegations in Paragraph 73 of the First Amended Complaint.

74. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

**ANSWER**: Defendant denies the allegations in Paragraph 74 of the First Amended Complaint.

75. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

**ANSWER**: Defendant denies the allegations in Paragraph 75 of the First Amended Complaint.

## GENERAL DENIAL

Defendant denies all allegations and prayers for relief not specifically admitted herein.

## AFFIRMATIVE & SEPARATE DEFENSES

Defendant asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing herein stated is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. Defendant reserves the right to plead any and all affirmative defenses that may become evident or appreciated after investigation and discovery in this matter.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Consent)

Defendant is informed and believes, and on that basis alleges, that Plaintiffs and persons that Plaintiffs purport to represent are barred, in whole or in part, from maintaining the alleged claims because Plaintiffs and the alleged class members had an established business relationship with Defendant and/or Plaintiffs and the alleged class members gave their prior express invitation, permission, or consent to receive communications of the type allegedly made by Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

The First Amended Complaint is barred, in whole or in part, by the conduct of Plaintiffs and any persons Plaintiffs purport to represent, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

The First Amended Complaint, and each purported claim alleged therein, is barred by the conduct of Plaintiffs and any persons Plaintiffs purport to represent, which amounts to and constitutes a waiver of any right or rights that Plaintiffs and any persons Plaintiffs purport to represent may or might have in relation to the matters alleged in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

To the extent that Plaintiffs or any persons Plaintiffs purport to represent has suffered any damages as a result of the matters alleged in the First Amended Complaint, which Defendant denies, Plaintiffs or such persons failed to mitigate those damages and the claims therefore are barred, in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE
### (Not Knowing or Willful)

Plaintiffs or any persons Plaintiffs purport to represent are precluded from any recovery from Defendant for a willful or knowing violation because any such violation, which Defendant denies occurred, would not have been willful or knowing but instead would have been unintentional and resulted from a bona fide error notwithstanding the exercise of reasonable efforts to fully comply with the law.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Standing)**

The claims of Plaintiffs and any persons Plaintiffs purport to represent are barred, in whole or in part, because Plaintiffs and/or the alleged class members have not suffered an injury in fact or actual damages and therefore lack standing to sue.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their First Amended Complaint or any claims stated therein;

2. That the First Amended Complaint, and each claim therein, be dismissed with prejudice;

3. That judgment be entered in favor of Defendant; and

4. That the Court grant such further relief as is just, proper, and equitable.

DATED this 22nd day of February 2024.

THOMPSON COBURN LLP

By */s/ Elizabeth A. Casale*
 Matthew D. Guletz, #57410MO
 Elizabeth A. Casale, #70911MO
 One US Bank Plaza
 St. Louis, Missouri 63101
 314-552-6000
 FAX 314-552-7000
 mguletz@thompsoncoburn.com
 ecasale@thompsoncoburn.com

 Tyler R. Andrews, *pro hac vice*
 GREENBERG TRAURIG, LLP
 18565 Jamboree Road, Suite 500
 Irvine, CA 92612
 andrewst@gtlaw.com

 *Attorneys for Defendant Vintage Stock, Inc.*