UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHEILA THOMPSON and DENNIS THOMPSON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-00042-SRC ) |
| VINTAGE STOCK, INC., | ) ) |
| Defendant. | ) |

**Memorandum and Order**

Sheila and Dennis Thompson originally filed this suit in state court. Doc. 1. Following Vintage Stock's removal of the case, the Court dismissed one of the Thompsons' three claims for lack of standing. The Thompsons now claim that the Court should have remanded that claim to state court instead of dismissing it. Albeit counterintuitive, the Court agrees.

**I.   Background**

In their amended complaint, the Thompsons alleged that Vintage Stock (1) violated the federal Telephone Consumer Protection Act; (2) violated 47 C.F.R. § 64.1200(d), a TCPA regulation; and (3) violated the Missouri do-not-call-list statute by sending them unauthorized text-message advertisements. Doc. 19. In addition, they proposed a nationwide class of individuals who similarly received the messages. *Id.* Vintage Stock moved to dismiss or alternatively to strike the Thompsons' claims. Docs. 25, 26. The Court granted in part Vintage Stock's motion, holding that (1) the Thompsons lacked standing to assert their section 64.1200(d) claim and (2) several of the class definitions the Thompsons alleged contained impermissible fail-safe classes. Doc. 38 at 10–20. Accordingly, the Court dismissed

the Thompsons' section 64.1200(d) claim for lack of standing and struck the fail-safe class definitions. *Id.* at 20.

The Thompsons now move to remand their section 64.1200(d) claim, i.e., the claim the Court dismissed, to state court. Doc. 39. In doing so, the Thompsons do not challenge the merits of the Court's lack-of-standing holding. *See* docs. 39, 40, 44, 52. Instead, they argue that the Court erred by dismissing their claim rather than remanding it to state court. *See, e.g.*, doc. 40 at 2.

## II.   Standard

The Thompsons do not identify a Federal Rule of Civil Procedure under which they move. Their motion, however, effectively asks the Court to reconsider its order in part. Under its inherent authority, the Court may "reconsider and modify an interlocutory order any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs.*, 43 F.3d 1066, 1070 (8th Cir. 1995) (citing *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992)).

## III.   Discussion

The Thompsons claim that the Court erred when it dismissed their section 64.1200(d) claim instead of remanding it to state court. *See, e.g.*, doc. 40. Specifically, they argue that if the Court determines it lacks subject-matter jurisdiction over some—but not all—claims, the Court must remand the claims over which the Court lacks subject-matter jurisdiction. *See id.* at 2–3; doc. 44; doc. 52. Vintage Stock disagrees, arguing that (1) binding precedent does not require remand, (2) the Court dismissed the Thompsons' claim without prejudice and therefore they can refile the claim in state court, and (3) remand of the section 64.1200(d) claim would be futile because Missouri courts look to federal precedent to determine whether a party has standing. Doc. 43 at 3–4; doc. 53 at 1–2. The Court agrees with the Thompsons.

2

Typically, when the Court lacks subject-matter jurisdiction over a claim, it dismisses the claim without prejudice. *See Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019). On claims removed from state court, however, a somewhat "counterintuitive[]" result must occur "[w]hen a federal court lacks subject-matter jurisdiction": the Court "'*must* remand [the claim] to . . . state court.'" *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791–92 (8th Cir. 2018) (first quoting *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014); and then citing *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016)). This is so "even if, as is true here, the removed claim is one arising under federal, not state, law." *Id.* (first citing *Wallace*, 747 F.3d at 1033; and then citing *Hughes*, 840 F.3d at 993).

Further, *Hillesheim* makes clear that, under this rule, the Court must remand a claim it lacks subject-matter jurisdiction over even if the Court may, or will, continue exercising jurisdiction over other claims. In *Hillesheim*, the Eighth Circuit concluded that federal courts lacked subject-matter jurisdiction over three of the plaintiff's four claims because they were moot. *Id.* at 791–92. Because the defendant had removed those claims to federal court, the Eighth Circuit ordered the district court to remand them to state court for lack of subject-matter jurisdiction. *Id.* The court then addressed the only remaining claim, over which the court had supplemental jurisdiction. *Id.* at 792. The court explained that, under 28 U.S.C. § 1367(c)(3), the district court could—but was not required to—decline to exercise supplemental jurisdiction over the remaining claim because it remanded the other claims to state court. *See id.* Of note, the Eighth Circuit did not make its order requiring the district court to remand claims lacking subject-matter jurisdiction contingent upon the remand of the remaining claim over which the district court had supplemental jurisdiction. *See id.* at 791–92.

As odd as it seems, precedent requires the Court to remand to state court a removed claim over which it lacks subject-matter jurisdiction, even if the Court will continue exercising jurisdiction over other claims. *Id.* In its order, the Court concluded that the Thompsons lacked standing to assert a section 64.1200(d) claim, doc. 38 at 10–14, which is a prerequisite for subject-matter jurisdiction, *Jewell v. United States*, 548 F.3d 1168, 1172 (8th Cir. 2008); *see also Dalton*, 932 F.3d at 696 ("A dismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction." (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016))). Thus, because Vintage Stock removed the section 64.1200(d) claim to federal court, doc. 1, the Court must remand the claim to state court.

### IV.     Conclusion

The Court therefore grants the Thompsons' motion, doc. 39, relieving them of the Court's order, doc. 38, only to the extent it dismissed the Thompsons' section 64.1200(d) claim rather than remanded it to state court. The Court remands the Thompsons' section 64.1200(d) claim to the Circuit Court of St. Louis County, 21st Judicial Circuit of Missouri. Pursuant to 28 U.S.C. § 1447(c), the Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court. A separate order of partial remand accompanies this order.

So ordered this 16th day of April 2024.

*[signature: SL R. CR]*

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE